UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **BBAM AIRCRAFT MANAGEMENT LP and BBAM US LP,**<br><br>Plaintiffs,<br><br>vs.<br><br>**BABCOCK & BROWN LLC, BURNHAM STERLING & COMPANY LLC, BABCOCK & BROWN SECURITIES LLC, BABCOCK & BROWN INVESTMENT MANAGEMENT LLC,**<br><br>Defendants. | Case No. 20-cv-01056 (VLB) |

## RULE 26(F) REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed:** July 27, 2020

**Date Complaint Served:** July 31, 2020 (Babcock & Brown LLC);

August 14, 2020 (All Other Defendants)

**Date First Amended Complaint Filed:** September 25, 2020

**Date of Defendants' Appearance:** August 18, 2020

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on September 17, 2020. The participants were:

1.   Brian Spears, Diana Rutowski, Nathan Shaffer, and Sarah Mullins for Plaintiffs (BBAM Aircraft Management LP and BBAM US LP, collectively "BBAM" or "Plaintiffs")

    2.    Toby Soli and Daniel Schloss for Defendants (Babcock & Brown LLC, Burnham Sterling & Company LLC, Babcock & Brown Securities LLC, Babcock & Brown Investment Management LLC)

**I.**    **CERTIFICATION**

Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

**II.**    **JURISDICTION**

    **A.**    **Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121, as this is an action arising under the laws of the United States and relating to trademarks.  This Court has both original and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367, as those claims are so related to the Lanham Act claims that they form part of the same case or controversy as the federal claims herein.

    **B.**    **Personal Jurisdiction**

The Court has personal jurisdiction over Defendants because all Defendants operate from principal places of business in Connecticut and three of the Defendants are Connecticut limited liability companies.

### III.     BRIEF DESCRIPTION OF THE CASE

#### A.     Claims of Plaintiffs

Plaintiffs allege that Defendants should be held liable for trademark infringement, unfair competition, and false advertising under federal and state laws.  Plaintiffs contend that Defendants' use of the BABCOCK & BROWN, B&B, and B & B infringes Plaintiffs' rights in BBAM (which Plaintiffs allege to be short for "Babcock & Brown Aircraft Management"), BBAM, BABCOCK & BROWN, and B&B arising from federal trademark registrations and under the common law through decades of use by Plaintiffs.  Plaintiffs further contend that Defendants have made advertisements that falsely or misleadingly suggest sponsorship or affiliation between Babcock & Brown LP (BBAM's former owner) or BBAM itself where no such relationship or connection exists.  Plaintiffs seek all remedies available under law, including damages, disgorgement of profits, and attorneys' fees, as well as cancellation of Defendant Babcock & Brown LLC's federal registrations for the marks BABCOCK & BROWN and B&B and denial of Burnham Sterling & Company LLC's pending application for the mark BURNHAM BABCOCK & BROWN.

#### B.     Defenses and Claims of Defendants

Defendant Babcock & Brown LLC owns federal registrations for the marks BABCOCK & BROWN and B&B alleged to infringe Plaintiffs' rights. Defendants intend to move to dismiss the Amended Complaint for failure to state viable claims as a matter of law because Plaintiffs have failed to allege facts sufficient to plausibly claim protectible rights in the mark BABCOCK & BROWN alleged to be

infringed, and the mark BBAM is so dissimilar to each of the accused marks as to render implausible all claims based on ownership of that mark. Defendants deny having made any false or misleading statements and further deny suggesting the existence of any sponsorship or affiliation between the defunct Babcock & Brown LP or Plaintiff BBAM itself. Defendants deny that Plaintiffs are entitled to any damages or any other monetary recovery, or to cancellation of Defendant Babcock & Brown LLC's registrations for the marks BABCOCK & BROWN and B & B, or to refusal of Defendant Burnham Sterling & Company LLC's application for the mark BURNHAM BABCOCK & BROWN. In the event that the Amended Complaint survives the motion to dismiss, Defendants intend to assert superior rights in the marks at issue.

## IV.   STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute and that they will continue to do so once the pleadings are joined and as the case proceeds. The following material facts are undisputed:

- Plaintiff BBAM US LP owns federal registrations for the mark BBAM, Reg. No. 2,424,139, and the BBAM Logo (BBAM), Reg. No. 3,925,643.

- Defendant Babcock & Brown LLC owns United States Registration Nos. 5,643,846 and 5,769,928 for the mark BABCOCK & BROWN and United States Registration Nos. 5,851,855 and 6,037,338 for the marks B & B and B&B, respectively.

V.   **CASE MANAGEMENT PLAN**

   A.   **Initial Disclosures**

Initial disclosures will be served by October 1, 2020.

   B.   **Scheduling Conference**

1. The parties request to excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2. The parties prefer that a scheduling conference, if held, be conducted by telephone or videoconference.

   C.   **Early Settlement Conference**

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

3. With respect to a potential settlement conference, when held, the Parties have not yet agreed whether such conference should be held before a magistrate judge or the presiding judge.

4. The parties do not request a referral to alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

   D.   **Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

1. Plaintiffs should be allowed until October 30, 2020 to file motions to join additional parties and until October 30, 2020 to file motions to amend the pleadings.  Motions filed after the foregoing dates will require, in addition to any

other requirements under the applicable rules, a showing of good cause for the delay.

2.     Defendants previously moved to dismiss Plaintiffs' complaint on September 4, 2020.  Plaintiffs filed a first amended complaint on September 25, 2020.  Defendants intend to file a motion to dismiss Plaintiffs' First Amended Complaint.  Defendants asked for and Plaintiffs agreed to a one-week extension for the due date of Defendants' motion to dismiss.  The parties will file a stipulation and proposed order reflecting a due date for the motion of October 16, 2020.

E.     **Discovery**

1.     Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1).  At this time, the parties do not have specific information to report regarding the "needs of the case."

2.     The parties anticipate that discovery will be needed on the following subjects:

- Plaintiffs' rights, if any, in the BABCOCK & BROWN and B & B marks and BBAM marks;

- Defendants' selection, use, and registration of the BABCOCK & BROWN and B&B marks;

- **Evidence of likelihood of confusion, including actual confusion or mistake between Plaintiffs and Defendants or their respective marks or their respective goods and services;**
- **Defendants' sales and revenues for any good and services offered in connection with the B&B or BABCOCK & BROWN marks;**
- **Each Parties' marketing, advertising, and/or statements that relate or refer to the B&B, BABCOCK & BROWN, or BBAM marks;**
- **Each Parties' marketing, advertising, and/or statements that relate or refer to Babcock & Brown LP;**
- **Defendants' knowledge of Plaintiffs and their marks; and**
- **Plaintiffs' damages.**
- **Plaintiffs' knowledge of Defendants' use and registration of the marks BABCOCK & BROWN and B&B.**

3. The parties have agreed to the case schedule set forth in this report and summarized on Appendix A. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), has commenced and will be completed (not propounded) by June 30, 2021.

4. Discovery will be conducted in phases: fact discovery will be finished by March 16, 2021 and expert discovery will be finished by June 30, 2021.

5. The parties anticipate that Plaintiffs will require a total of 5 depositions of fact witnesses and that the Defendants will require a total of 5 depositions of fact witnesses. The depositions will commence by February 1,2021 and will be completed by March 16, 2021. The parties do not anticipate

requesting permission to serve more than 25 interrogatories per side. The parties have agreed that, for each interrogatory, a response may be requested by multiple plaintiffs or defendants, and each identified party shall respond and do so such that is clear to which entity or entities the responses apply.

6. Plaintiffs intend to call expert witnesses at trial. Defendants have not yet determined whether they will call expert witnesses at trial.

7. Parties will designate all trial experts pursuant to Fed. R. Civ. P. 26(a)(2) and provide opposing counsel with reports from experts, if required by Fed. R. Civ. P. 26(a)(2)(B), on any issues on which they bear the burden of proof by March 30, 2021. Depositions of any such experts will be completed by May 1, 2021.

8. Parties will designate all trial experts pursuant to Fed. R. Civ. P. 26(a)(2) and provide opposing counsel with reports from experts, if required by Fed. R. Civ. P. 26(a)(2)(B), on any issues on which they do not bear the burden of proof by May 30, 2021. Depositions of such experts will be completed by June 22, 2021.

9. A damages analysis will be provided by any party who has a claim or counterclaim for damages by March 30, 2021.

10. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of

requesting permission to serve more than 25 interrogatories per side. The parties have agreed that, for each interrogatory, a response may be requested by multiple plaintiffs or defendants, and each identified party shall respond and do so such that is clear to which entity or entities the responses apply.

6. Plaintiffs intend to call expert witnesses at trial. Defendants have not yet determined whether they will call expert witnesses at trial.

7. Parties will designate all trial experts pursuant to Fed. R. Civ. P. 26(a)(2) and provide opposing counsel with reports from experts, if required by Fed. R. Civ. P. 26(a)(2)(B), on any issues on which they bear the burden of proof by March 30, 2021. Depositions of any such experts will be completed by May 1, 2021.

8. Parties will designate all trial experts pursuant to Fed. R. Civ. P. 26(a)(2) and provide opposing counsel with reports from experts, if required by Fed. R. Civ. P. 26(a)(2)(B), on any issues on which they do not bear the burden of proof by May 30, 2021. Depositions of such experts will be completed by June 22, 2021.

9. A damages analysis will be provided by any party who has a claim or counterclaim for damages by March 30, 2021.

10. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of

electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  The parties have agreed to enter into a separate stipulation regarding the procedures for the preservation, disclosure and management of electronically stored information.   In the meantime, both parties have instructed their clients to preserve electronically stored information related to this matter consistent with their obligations under the Federal Rules of Civil Procedure.

11. Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms.  The parties have agreed to enter into a separate stipulation regarding the procedures for the preservation, disclosure and management of information stored in paper or other non-electronic forms.  In the meantime, both parties have instructed their clients to preserve such information related to this matter, to the extent any exists.

12. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties will discuss this topic further after the case management conference.  The parties

anticipate submitting a revised stipulated proposed protective order, and in the meantime the parties agree to the terms of the existing Standing Protective Order.

**F.     Other Scheduling Issues**

The Parties do not have other scheduling issues to address.

**G.     Summary Judgment Motions**

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before July 30, 2021.

**H.     Joint Trial Memorandum**

The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by November 5, 2021.  The parties will attach to the Joint Trial Memorandum motions in limine along with memoranda of law concerning any anticipated evidentiary issues.  All memoranda in opposition to any motion in limine must be filed by November 15, 2021.

**VI.    TRIAL READINESS**

The case will be ready for trial by December 1, 2021.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.  The Parties have agreed to accept service by email in this action, with service by midnight Eastern Time constituting service that day.

| | |
|---|---|
| By: */s/ Diana R. Rutowski*<br>    Diana M. Rutowski | By: */s/ Toby S. Soli*<br>    Toby S. Soli |

Diana M. Rutowski
(Admitted *pro hac vice*)
drutowski@orrick.com
ORRICK, HERRINGTON &
SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

Brian E. Spears
Federal Bar No. ct14240
Ivan J. Ladd-Smith
Federal Bar. No. ct30972
SPEARS MANNING & MARTINI, LLC
2425 Post Road Suite 203
Southport, CT  06890
Telephone:  1-203-292-9766
Fax:  1-203-292-9682

Nathan Shaffer
(Admitted *pro hac vice*)
nshaffer@orrick.com
Sarah Kate Mullins
(Admitted *pro hac vice*)
sarahmullins@orrick.com
ORRICK, HERRINGTON &
SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

 Attorneys for Plaintiffs
 BBAM AIRCRAFT
 MANAGEMENT LP and BBAM
 US LP

Toby S. Soli
GREENBERG TRAURIG, LLP
445 Hamilton Avenue, 9th Floor
White Plains, NY 10601
Tel:  212-801-3196
Fax:  212-801-6400
Email:  solit@gtlaw.com

Daniel I. Schloss
(admission forthcoming)
200 Park Avenue, 38th Floor
New York, NY 10166
Tel: 212-801-2256
Fax: 212-805-5571
Email: schlossd@gtlaw.com


**Attorneys for Defendants**

# APPENDIX A

# SUMMARY OF JOINTLY PROPOSED CASE SCHEDULE SET FORTH IN THE JOINT REPORT

| Event | Date |
|---|---|
| **Defendants' Motion to Dismiss Due** | **October 16, 2020** |
| **Plaintiffs' Deadline to Amend Pleadings** | **October 30, 2020** |
| **Plaintiffs' Opposition to Defendants' Motion to Dismiss Due** | **November 6, 2020** |
| **Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss Due** | **November 20, 2020** |
| **Fact Discovery Closes** | **March 16, 2021** |
| **Expert Disclosures / Reports Due – Party with Burden of Proof** | **March 30, 2021** |
| **Expert Depositions Complete – Party with Burden of Proof** | **May 1, 2021** |
| **Expert Disclosures / Reports Due – Party without Burden of Proof** | **May 30, 2021** |
| **Expert Discovery Closes** | **June 30, 2021** |
| **Dispositive Motions** | **July 30, 2021** |
| **Opposition to Dispositive Motions** | **August 20, 2021** |

| Event | Date |
|---|---|
| **Reply to Opposition to Dispositive Motions** | **September 3, 2021** |
| **Joint Trial Memorandum / Motions in Limine** | **November 5, 2021** |
| **Opposition to Motions in Limine** | **November 15, 2021** |
| **Trial Readiness Date** | **December 1, 2021** |

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

                                */s/ Diana M. Rutowski*
                                Diana M. Rutowski

**Diana M. Rutowski**
**(Admitted *pro hac vice*)**
**drutowski@orrick.com**
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
**1000 Marsh Road**
**Menlo Park, CA  94025-1015**
**Telephone: +1 650 614 7400**
**Facsimile: +1 650 614 7401**