UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **BBAM Aircraft Management LP and BBAM US LP,**<br><br>Plaintiffs,<br><br>-against-<br><br>**Babcock & Brown LLC, Burnham Sterling & Company LLC, Babcock & Brown Securities LLC, Babcock & Brown Investment Management LLC,**<br><br>Defendants. | Case No. 3:20-cv-01056-VLB |

### MOTION TO MODIFY SCHEDULING ORDER AND [PROPOSED] ORDER EXTENDING DEADLINE TO TAKE DEPOSITION OF DEFENDANTS' 30(B)(6) DESIGNEE, MR. MORGAN, BY 90 DAYS

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 7(b), Plaintiffs BBAM Aircraft Management LP and BBAM US LP (collectively, "BBAM" or "Plaintiffs") respectfully moves this Court for modification of the scheduling order to extend the discovery deadline for the sole purpose of accommodating the further deposition of Mr. Michael Dickey Morgan, Defendants' 30(b)(6) designee, so that the deposition may take place after the Court rules on BBAM's pending Motion to Compel Trademark Investigation and Related Information (Dkt. 98, 100) ("Motion to Compel"). BBAM respectfully requests that Court extend the deadline for the deposition by 90 days to give the Court time to rule on BBAM's pending Motion to Compel. Good cause exists for the extension to accommodate this deposition after the Court rules on BBAM's Motion to Compel because the order will impact the scope of the deposition, as set forth below. Defendants

Babcock & Brown LLC, Burnham Sterling & Company LLC, Babcock & Brown Securities LLC, Babcock & Brown Investment Management LLC (collectively, "Defendants") do not oppose the requested extension.

1. On June 16, 2021, this Court entered the Third Scheduling Order ("Scheduling Order") setting October 15, 2021, as the close of discovery. Dkt. 80.

2. On October 8, 2021, the Parties filed a Joint Motion to Modify Scheduling Order for the sole purpose of accommodating two depositions after the October 15, 2021 close of discovery: the deposition of Dr. Rao scheduled for October 28, and a further deposition of Mr. Morgan pending resolution of the Parties' then ongoing meet and confer efforts. Dkt. 91.

3. On October 14, 2021, this Court afforded the Parties two additional weeks to conduct discovery based on the representations in the motion, reminding the parties that "no additional time will be afforded absent good cause, which requires 'a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension.'" Dkt. 96.

4. Pertinent to the deposition of Mr. Morgan, the Parties failed to resolve their dispute regarding Defendants' privilege claims and withholding of information relating to their knowledge of BBAM's trademark usage and investigation, and Defendants did not produce the information subject to the Parties' meet and confer efforts by October 15, 2021. As a result, BBAM filed its Motion to Compel on October 18, 2021. Dkt. 98, 100.

5. The Motion to Compel seeks an order finding waiver of privilege, or

2

alternatively, requiring that Defendants produce factual information regarding their knowledge of trademark use and their trademark investigations. Accordingly, the Motion to Compel seeks an order relevant to the further deposition of Mr. Morgan, Defendants' 30(b)(6) designee, specifically finding:

> that the further Rule 30(b)(6) deposition of Defendants will proceed according to this Court's finding on privilege—namely, that counsel will not instruct the witness not to answer questions on advice of counsel if waiver is found, or instruct not to answer questions regarding factual information even if such facts were part of or learned about through communications with counsel.

Dkt. 98, 100.

6. Accordingly, BBAM respectfully submits that it will be more efficient and avoid the need for unnecessary depositions if the Court grants clarity through this Motion to Modify that BBAM is not required to take the further deposition of Mr. Morgan by October 29th but can proceed with the deposition after the Court rules on the pending Motion to Compel.

7. BBAM was diligent in its efforts leading up to the Motion to Compel and this Motion to Modify. BBAM previously deposed Defendant's 30(b)(6) designee, Mr. Morgan, on July 27-28, 2021. During that deposition, Mr. Morgan was instructed not to answer, and refused to answer, certain questions posed by BBAM regarding investigations conducted into use of the marks-at-issue, among other topics. Because BBAM believed the information it sought is not privileged and/or contends that the privilege was waived, BBAM requested that Defendants provide Mr. Morgan for a further deposition. In mid-September, Defendants agreed to do so subject to certain conditions.

8.      For the past few months, the parties have also been meeting and conferring regarding Defendants' production relating to its trademark investigations, Defendants' knowledge of various marks, and related privilege issues.  These diligent efforts resulted in BBAM filing its pending Motion to Compel and are further detailed therein.  Dkt. 98, 100.

9.      Good cause exists for BBAM to depose Mr. Morgan after October 29, and specifically within the next 90 days, to allow the Court time to rule on the pending Motion to Compel.  As discussed above, the Parties have been working for several months to resolve their privilege disputes.  Despite those efforts, there are unresolved disputes between the Parties, including whether Defendants have waived privilege, whether all responsive documents regarding Defendants' investigations into and knowledge of use of the marks-in-suit have been produced, and whether the instructions to Mr. Morgan not to answer questions related to those investigations and the corresponding legal advice he was provided were proper.  Taking Mr. Morgan's deposition before this Court provides guidance and findings on privilege waiver and production would not be efficient and may necessitate a further deposition that would otherwise be unnecessary if the extension is granted.

10.     Including the parties' joint motions, this is BBAM's third request to modify case deadlines generally, and second request seeking to move this specific deadline to conduct the deposition.

11.     If granted, the requested extension will neither prejudice any party nor impede the other deadlines in the Scheduling Order.

12.     For these reasons, BBAM respectfully submits that good cause exists to extend the current discovery deadline by 90 days solely to accommodate BBAM's further deposition of Defendants' 30(b)(6) designee, Mr. Morgan.

Dated: October 22, 2021

                                    Respectfully submitted,

                                    Orrick, Herrington & Sutcliffe LLP

                                    By: */s/ Diana M. Rutowski*
                                        Diana M. Rutowski

| | |
|---|---|
| **Brian E. Spears**<br>Federal Bar No. ct14240<br>Ivan J. Ladd-Smith<br>Federal Bar. No. ct30972<br>SPEARS MANNING & MARTINI, LLC<br>2425 Post Road Suite 203<br>Southport, CT  06890<br>Telephone:  1-203-292-9766<br>Fax:  1-203-292-9682 | Diana M. Rutowski<br>(Admitted *pro hac vice*)<br>drutowski@orrick.com<br>ORRICK, HERRINGTON &<br>SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA  94025-1015<br>Telephone: +1 650 614 7400<br>Facsimile: +1 650 614 7401<br><br>Nathan Shaffer<br>(Admitted *pro hac vice*)<br>nshaffer@orrick.com<br>Sarah Kate Mullins<br>(Admitted *pro hac vice*)<br>sarahmullins@orrick.com<br>ORRICK, HERRINGTON &<br>SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA  94105-2669<br>Telephone: +1 415 773 5700<br>Facsimile: +1 415 773 5759<br><br>Attorneys for Plaintiffs<br>BBAM AIRCRAFT MANAGEMENT LP and BBAM US LP |

5

**IT IS SO ORDERED.**

**Dated: _____**

                                                   _____
                                                   **HONORABLE VANESSA L. BRYANT**
                                                   **UNITED STATES DISTRICT COURT**

**Certificate of Service**

I hereby certify that on October 22, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

                                                      */s/ Diana M. Rutowski*
                                                      Diana M. Rutowski

                                                      **Diana M. Rutowski**
                                                     **(Admitted *pro hac vice*)**
                                                     **drutowski@orrick.com**
                                                     **ORRICK, HERRINGTON &**
                                                     **SUTCLIFFE LLP**
                                                     **1000 Marsh Road**
                                                     **Menlo Park, CA  94025-1015**
                                                     **Telephone: +1 650 614 7400**
                                                     **Facsimile: +1 650 614 7401**