## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

BBAM AIRCRAFT MANAGEMENT LP, and
BBAM US LP,

    Plaintiffs and Counterclaim-Defendants,

              vs.

BABCOCK & BROWN LLC, BURNHAM
STERLING & COMPANY LLC, BABCOCK
& BROWN SECURITIES LLC, BABCOCK &
BROWN INVESTMENT MANAGEMENT
LLC,

    Defendants and Counterclaim-Plaintiffs.

Civil Action No.
3:20-cv-01056-VLB

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE FROM CASE SUSPENSION AND UNDER RULE 30(a)(2)(A)TO CONDUCT ADDITIONAL DISCOVERY RELATED TO THEIR AMENDED COUNTERCLAIMS

Defendants and Counterclaim-Plaintiffs Babcock & Brown LLC, Burnham Sterling & Company LLC, Babcock & Brown Securities LLC, and Babcock & Brown Investment Management LLC (collectively, "Defendants") respectfully request that the Court grant their Motion for Leave From Case Suspension and Under Rule 30(a)(2)(A) to Conduct Additional Discovery Related to their Amended Counterclaims (the "Motion"), filed concurrently with this memorandum. Specifically, Defendants wish to pursue limited additional discovery related to their counterclaim under California Unfair Competition Law (the "Unfair Competition Counterclaim"), the basis for which Defendants recently learned in discovery prior to the Court's suspension of all case deadlines on or about October 27, 2021. They request leave from the Court to (a) serve written discovery requests starting

immediately, within existing limits under the Rules, (b) take an additional deposition under Rule 30(b)(1), not to exceed four (4) hours, of one of Plaintiffs' employees involved in pricing the transactions at-issue in Defendants' Unfair Competition Counterclaim, and (c) take a second Rule 30(b)(6) deposition of Plaintiffs, not to exceed seven (7) total hours, limited to topics relating to Defendants' Unfair Competition counterclaim and/or documents that Plaintiffs have produced since their prior deposition.[1] Good cause exists to grant Defendants' motion for the reasons set forth below.

## I.  BACKGROUND

Plaintiffs and Counterclaim-Defendants BBAM Aircraft Management LP and BBAM US LP (collectively, "Plaintiffs") filed the initial Complaint in this case on July 27, 2020. [Dkt. 1]. After Defendants timely moved to dismiss the initial Complaint, Plaintiffs filed a First Amended Complaint on September 25, 2020. [Am. Compl., Dkt. 32]. On October 16, 2020, Defendants timely filed a motion to dismiss the First Amended Complaint. [Dkt. 39]. The parties thereafter engaged in discovery, during which Defendants learned of the basis for their Unfair Competition Counterclaim. Many of the facts underlying Defendants' claim were revealed in depositions taken between August 11, 2021, and October 13, 2021. Declaration of Ian McFarland ("Decl.") at ¶¶ 3-4.

The Court denied Defendants' Motion to dismiss Plaintiffs' First Amended Complaint in its Order dated September 29, 2021. [Dkt. 89]. Defendants thereafter

---

[1] Defendants reserve their right to request more discovery, including expert discovery, if necessary, should additional information come to light through the discovery requested herein.

requested a two-week extension of time to answer or otherwise respond to the First Amended Complaint, but ultimately filed their Answer and Counterclaim without an extension on October 13, 2021. [Dkt. 91, 95]. Defendants did not plead their Unfair Competition Counterclaim in their initial Answer and Counterclaim because they had not yet been able to fully evaluate the factual and legal bases for the claim. Decl. at ¶ 2. Defendants had also just deposed one of Plaintiffs' former employees, Wesley Dick, on October 12, 2021, and learned the identities of Plaintiffs' employees involved in pricing the transactions at-issue in Defendants' Unfair Competition Counterclaim. *Id.* at ¶ 5, Ex. A (18:3-12).

On October 27, 2021, and before the discovery period had closed, the Court suspended the scheduling order then in place and informed the parties that discovery would resume after the pending discovery motions were fully adjudicated. [Dkt. 104]. The Court has not yet entered a modified scheduling order, and the parties' briefing of their respective discovery motions is currently ongoing. [*See* Dkt. 93, 98, 107, 114, 120, and 124].

On November 2, 2021, Plaintiffs filed a motion to dismiss Defendants' counterclaims. [Dkt 110]. The next week on November 11, 2021, Defendants filed their First Amended Answer and Counterclaims (the "FAACC") pursuant to Fed. R. Civ. P. 15(a)(1)(B). [Dkt. 117-3]. The FAACC included Defendants' Unfair Competition Counterclaim. [*Id.*] Shortly thereafter, Plaintiffs filed a motion requesting a two-week extension of time to answer or otherwise respond to the FAACC, arguing that Defendants' Unfair Competition Counterclaim necessitated

further consideration. [Dkt. 122]. The Court granted Plaintiffs' request the following day and extended Plaintiffs' response deadline to December 13, 2021. [Dkt. 123].

## II. LEGAL STANDARD

The Court has recognized that the filing of amended counterclaims can serve as the basis for a limited reopening of discovery. *See*, *e.g.*, *Macdermid Printing Solutions v. Cortron Corp.*, No. 3:08-cv-1649(AVC), 2011 U.S. Dist. LEXIS 171025, at *9 (D. Conn. June 29, 2011) ("The discovery period is hereby re-opened…for the limited purpose of completing any discovery, if necessary, with respect to the amended affirmative defenses and counterclaims."); *Veritas-Scalable Inv. Prods. Fund, LLC v. FB Foods, Inc.*, No. 3:04-cv-1199(JBA), 2006 U.S. Dist. LEXIS 73351, at *2, 4 (D. Conn. Sep. 28, 2006) (adopting R&R that "discovery should reopen for the limited inquiry into defendant's fraudulent inducement counterclaim" that defendant was permitted to add) (internal quotations omitted).

In addition, under Rule 30, a litigant may conduct more than ten (10) depositions or depose someone who has already been deposed in the case upon obtaining a stipulation from the other party or leave from the Court. Fed. R. Civ. P. 30(a)(2)(A)(i)-(ii). If the litigant pursues the latter option, "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2). Under Rule 26, the Court should limit discovery where: (1) the requested additional discovery is "unreasonably cumulative or duplicative" or can be "obtained from some other source that is more convenient, less burdensome, or less expensive;" (2) the party seeking discovery has had ample opportunity to obtain the information

by discovery in the action;" or (3) "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

III. ARGUMENT

Defendants are seeking two forms of very narrow relief. Defendants first ask that the Court permit them to serve written discovery requests on Plaintiffs targeting information relevant to their Unfair Competition Counterclaim. In particular, Defendants request leave from the suspension of this case to immediately serve within the existing limits under Rules 33, 34, and 36 further interrogatories,[2] document requests, and admission requests while the parties' pending discovery motions are adjudicated. Defendants also ask for leave under Rule 30(a)(2)(A) to take one additional Rule 30(b)(1) deposition and one additional Rule 30(b)(6) deposition. Specifically, Defendants learned of the identities of Plaintiffs' employees involved in pricing the transactions at-issue in their Unfair Competition Counterclaim during a recent deposition on October 12, 2021, and request permission to depose one of them for a half-day. And Defendants seek permission to take a second Rule 30(b)(6) deposition of Plaintiffs limited to topics about their Unfair Competition Counterclaim and any documents produced since their prior Rule 30(b)(6) deposition.

Good cause exists to grant this Motion because Defendants only recently discovered the facts that form the basis for the Unfair Competition Counterclaim asserted in the FAACC. The additional limited discovery being sought is now within

---

[2] Defendants are not requesting leave to serve interrogatories that would exceed the limit under Rule 33(a)(1).

the scope of Rule 26(b)(1), is not "unreasonably cumulative or duplicative" or available from another more convenient source, and Defendants did not have the opportunity to obtain the information earlier. *See* Fed. R. Civ. P. 26(b)(2)(C). Further, the proposed discovery does not relate to the outstanding discovery motions that resulted in the stay.

Defendants only learned of the bases for their Unfair Competition Counterclaim during discovery, primarily through the deposition testimony of Plaintiffs' witnesses and a third-party witness, none of whom were made available for deposition in the case before August 11, 2021. *See* Decl. at ¶ 3. Many of the underlying facts alleged in Defendants' Unfair Competition Counterclaim were revealed in the ten (10) depositions Defendants conducted between August 11 and October 14, 2021, including the depositions taken on October 12 and 13, 2021, shortly before the Court suspended all case deadlines. Decl. at ¶¶ 3-4. Defendants also only learned the identities of Plaintiffs' employees that price the transactions targeted by their Unfair Competition Counterclaim during a deposition on October 12, 2021. *Id.* at ¶ 5, Ex. A (18:3-12). Plaintiffs' pricing of those transactions is central to Defendants' claim. [*See* Dkt. 117-3 at ¶¶ 19-20, 122-24, 159]; *see also* Decl. at ¶ 5, Ex. A (59:8-17).

Defendants have not yet served written discovery requests predicated on their Unfair Competition Counterclaim and wish to pursue additional discovery in support of the claim, including discovery related to the allegations in Paragraphs 19-20, 22, 100, 102-03, 105, and 122-24 of the FAACC. Defendants also request additional depositions for the limited purposes of addressing specific

informational gaps related to the Unfair Competition Counterclaim and discussing certain documents Plaintiffs have produced since August 26, 2021, the date of Defendants' only other Rule 30(b)(6) deposition of Plaintiffs. As of this filing, Plaintiffs have produced 367 documents since August 26, 2021, Decl. at ¶ 6, and Defendants anticipate that Plaintiffs will produce additional documents responsive to their forthcoming written requests. Consequently, the further discovery Defendants request leave to take is not duplicative of prior discovery.

Second, Defendants have not had an opportunity to obtain discovery from Plaintiffs specific to their Unfair Competition Counterclaim because it was not pleaded in this case – and therefore not definitively within the scope of Rule 26(b)(1) – until the FAACC was filed on November 11, 2021. While Defendants have already pleaded many of the facts in connection with their Unfair Competition Counterclaim, they wish to pursue further discovery into certain targeted areas now that the scope of discovery expressly extends to all matters relevant to this claim. Further, Defendants only learned of the identities of Plaintiffs' employees involved in pricing the transactions at-issue in Defendants' Unfair Competition Counterclaim on October 12, 2021, and have not had an opportunity to pursue any discovery in view of that information.

Third, the requested additional discovery covers topics relating to Defendants' pending Unfair Competition Counterclaim, and is therefore within the scope of discovery permitted by Rule 26. Specifically, parties may obtain under Rule 26(b)(1) discovery that is "relevant to any party's claim or defense." *See, e.g.*, *Heffernan v. Jewish Mem'l Hosp. and Rehab. Ctr.*, Case No. 3:04cv1354, 2006 WL

8448089 at *1 (D. Conn. 2006) (allowing further discovery reasonably focused on counterclaim).

The further discovery requested herein will not disturb the schedule in this case or prolong its resolution. The scheduling order has been suspended, and neither the trial date nor the remaining pretrial deadlines have been reset. Defendants anticipate obtaining the further written discovery from Plaintiffs within the coming weeks. Much of that duration could overlap with the period Plaintiffs now have to respond to the FAACC, which extends to December 13, 2021,[3] and/or the time necessary for the Court to resolve the parties' pending discovery motions. Discovery is also expected to resume for at least another thirty (30) days once the motions to compel have been decided, during which time Defendants could take the requested depositions (provided they have time to review any further document production from Plaintiffs). Thus, if allowed, the requested additional discovery will not significantly delay or impede the resolution of this action and will promote the efficiency of the discovery process.

The requested additional discovery will not materially prejudice Plaintiffs. Defendants have not reached their limit on the number of interrogatories served under Rule 33(a)(1), and they have served fewer requests for production and admission than Plaintiffs. *See* Decl. at ¶¶ 7-8. All depositions in this case have been conducted virtually, as would the further depositions of Plaintiffs requested herein. Defendants are only asking for an additional four (4) hours of examination under

---

[3] In the event Plaintiffs again move to dismiss all or part of the FAACC, then the discovery requested herein could also be conducted while such motion is briefed and adjudicated.

Rule 30(b)(1), and seven (7) more hours of Rule 30(b)(6) examination, thereby minimizing the time Plaintiffs' witness and designee(s) would be pulled away from other work.

IV. <u>CONCLUSION</u>

      For the foregoing reasons, good cause exists for permitting Defendants to immediately serve further written discovery requests and for giving them leave to take one additional Rule 30(b)(1) deposition, not to exceed four (4) hours, and one more Rule 30(b)(6) deposition of Plaintiffs, not to exceed seven (7) total hours, relating to Defendants' Unfair Competition Counterclaim and/or documents that Plaintiffs have produced since their prior deposition. The Court should grant the Motion.


Dated: November 30, 2021          Respectfully submitted,


          /s/ **Michael J. Rye**
          **Michael J. Rye, Esq. (ct18354)**
          mrye@cantorcolburn.com
          **CANTOR COLBURN LLP**
          **20 Church Street, 22nd Floor**
          **Hartford, CT 06103**
          **Tel. (860) 286-2929**
          **Fax. (860) 286-0115**

          **Of Counsel:**

          **Heather Kliebenstein (*pro hac vice*)**
          **Merchant & Gould P.C.**
          **150 South Fifth St.**
          **Suite 2200**
          **Minneapolis, MN 55402**
          **Tel: 612-371-5213**
          **Fax: 612-332-9081**
          hklibstein@merchantgould.com

**Elisabeth Muirhead (*pro hac vice*)**
**Merchant & Gould**
**150 South Fifth Street**
**Suite 2200**
**Minneapolis, MN 55402-2215**
**Tel: 612-371-5386**
**emuirhead@merchantgould.com**

**Ian G McFarland (*pro hac vice*)**
**Merchant and Gould**
**800 S. Gay Street**
**Suite 2150**
**Knoxville, TN 37929**
**Tel: 865-380-5990**
**imcfarland@merchantgould.com**

***Attorneys for Defendants***

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 30, 2021, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Michael J. Rye
Michael J. Rye, Esq.