UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BBAM Aircraft Management LP | : | |
| BBAM US LP | : | |
| *Plaintiffs* | : | |
| | : | |
| *v.* | : | Case No. 3:20-cv-1056 (OAW) |
| | : | |
| Babcock & Brown LLC | : | |
| Babcock & Brown Securities LLC | : | |
| Burnham Sterling & Company LLC | : | |
| Babcock & Brown Investment | : | FEBRUARY 17, 2022 |
| Management LLC | : | |
| *Defendants* | | |

**<u>RULING AND ORDER ON PLAINTIFFS' MOTION FOR RELIEF</u>**

BBAM Aircraft Management LP and BBAM US LP (collectively "BBAM" or "Plaintiffs") bring this action against Babcock & Brown LLC, Babcock & Brown Securities LLC, Babcock & Brown Investment Management LLC, and Burnham Sterling & Company LLC (collectively "Babcock & Brown LLC" or "Defendants"), alleging trademark infringement, unfair competition, and false advertising under the Lanham Act as well as state and common law trademark and unfair competition claims. Am. Compl., ECF No. 32. Plaintiffs' operative complaint seeks cancellation of Defendants' registered trademarks and refusal of Defendants' pending trademark application.

Pending before the court is Plaintiff's motion for relief to file a sur-reply with respect to Defendants' motion to compel. *See* ECF No. 124. Defendants have moved to compel the production of certain material designated by Plaintiffs as privileged. Motion to Compel

("MTC"), ECF No. 94.[1]  Although the parties have fully briefed the motion to compel, Plaintiffs accuse the Defendants of impermissibly raising new arguments in the Defendants' reply brief.  *See* Reply Brief in Support of the MTC ("MTC Reply"), ECF No. 121.  Plaintiffs' motion for relief seeks to strike the new arguments in Defendants' reply brief, or, in the alternative, file a sur-reply addressing the newly raised issues.  ECF No. 124.

For the reasons cited herein, including for good cause shown, Plaintiffs shall be permitted to file a sur-reply of **no more than 10 pages within fourteen days of this ruling.**  The sur-reply shall be limited to responding to the Defendant's arguments on (1) a substantial need for the privileged material under the work product doctrine and (2) the appropriateness of an in-camera review of the NBB communications.  No other issues may be addressed in Plaintiffs' sur-reply.

Additionally, the court will not consider the fourth argument contained in Defendants' reply brief with respect to whether Plaintiffs have "possession, control, or custody" over NBB documents under Rule 34.  Defendants have represented that they do not currently seek production of material held by NBB.  Defendants may renew this argument at a later date if they seek information held by NBB, and Plaintiffs will be given an opportunity to respond to such argument at that time.

## I.   BACKGROUND

---

[1] In accordance with D. Conn. L. Civ. R. 5(e), Defendants filed a redacted version of their motion to compel under ECF No. 93, and an unredacted version under seal at ECF No. 94.  The court unsealed the memorandum of law in support of the Defendants' motion to compel, as well Exhibits 1 and 5 to the motion.  *See* ECF No. 173. The court will therefore refer to ECF No. 94 throughout this ruling when referencing Defendants' brief in support of its motion to compel.

Defendants seek discovery related to Plaintiffs' trademark business partner, Nomura Babcock & Brown and its related entities ("NBB"). Specifically, Defendants have sent the following discovery requests to Plaintiffs:

**Interrogatory No. 15**: "Describe all communications by and among either or both Plaintiffs and any subsidiary of Nomura Holdings Inc., concerning any Defendant and identify by Bates number all written communications related to the same." Interrogatory No. 15

**Request for Production No. 30:** "All documents, correspondence and communications to or from Nomura Babcock & Brown, or any individual affiliated with from Nomura Babcock & Brown, regarding this lawsuit or the claims raised in this lawsuit."

Defendants identified emails in Plaintiffs' privilege log that are responsive to the above requests and contacted Plaintiffs to contest the designation of the emails as privileged.[2]  MTC Exhibit 8-9, ECF No. 93-11.  Plaintiffs claimed that the NBB emails are confidential documents protected under the work product doctrine, and are subject to the common-interest privilege. *Id.* at Exhibit 9, ECF No. 93-11.

Defendants thereafter filed their motion to compel.  MTC, ECF No. 93.  The motion seeks "an order compelling Plaintiffs to (1) provide a substantive answer to Defendants' Interrogatory No. 15 and (2) produce documents responsive to Defendants' Request for Production ('RFP') No. 30," including at least the emails identified on Plaintiffs' privilege log.  *Id*.  No other requested relief is identified in the Defendants' brief in support of their motion to compel.  *See* MTC, ECF No. 94.

Defendants raise three arguments to compel the production of the NBB emails: (1) that Plaintiffs and NBB do not share a common legal interest in the litigation; (2) that there

---

[2] The specific emails at issue are identified in Plaintiffs' privilege log with the following bates stamps: BBAM-PRIV00484 – BBAM-PRIV00502. MTC 1, ECF No. 94; MTC Exhibit 1, ECF No. 94-2.

is no evidence of actual cooperation toward a common legal interest; and (3) that the communications at issue do not fall within the scope of the work product doctrine. *See* MTC at i. Defendants do not address the issue of whether they would be able to demonstrate a substantial need for the materials if the emails did fall under the work product doctrine. *Id.* at 15–16. Defendants also argue that Plaintiffs cannot claim the benefit of the common-interest privilege with NBB, because Plaintiffs had repeatedly asserted that they do not have control over NBB's documents and cannot be compelled to produce them. *Id.* at 14 n.8.

Plaintiffs filed a response opposing Defendants' motion to compel. Plaintiffs' Opposition ("MTC Opp."), ECF No. 107. In their opposition, Plaintiffs argue that the communications at issue do, in fact, fall within the scope of the work product protection and that Defendants have failed to provide the alternative argument on whether they have a substantial need for the discovery, if the information sought is considered work product. *Id.* at 8–13. Plaintiffs also explain their basis for the assertion of the common-interest privilege. *Id.* Plaintiffs further explain that a party may assert a common-interest privilege with another even if the party does not have control over the documents held by the other. *Id.* Indeed, Plaintiffs accuse Defendants of conflating the common-interest privilege with the requisite standard under Rule 34's "possession, custody, and control" standard.

Defendants' reply brief asserts that Plaintiffs have failed to establish the common-interest privilege and responds to Plaintiffs' allegations regarding the meet-and-confer process prior to filing the motion to compel. MTC Reply, ECF No. 121. The reply brief also addresses Defendants' substantial need for the documents. *Id.* at 6. Defendants also request additional relief, for the first time, of an in camera review to determine whether

the NBB emails may be produced with redactions.  *Id.* at 5.  Lastly, the reply brief requests the court to make a finding under Rule 34(a) that Plaintiffs have "control" over NBB documents, so that Defendants can request documents exclusively within the possession of NBB.  *Id.* at 8.  Defendants, do not, however request the court to order production of any NBB documents, but would like the court to address the threshold issue so that the parties can determine what needs to be produced. *Id.* at 8 n.2.

## II.   Standard of Review

A court may grant permission to file a sur-reply in its discretion if good cause is shown.  D. Conn L. Civ. R. 7(d).  "The Second Circuit has held that 'reply papers may properly address new materials raised in the opposition papers so as to avoid giving unfair advantage to the answering party.'" *Williams v. City of Hartford*, No. 3:15-CV-00933 (AWT), 2017 WL 11448094, at *5 (D. Conn. June 26, 2017) (quoting *Guadagni v. N.Y. City Transit Auth.*, 387 F. App'x 124, 125–26 (2d Cir. 2010) (collecting cases)).  Accordingly, leave to file a sur-reply should be denied where the moving party "previously had ample opportunity to address" the opposing party's arguments.  *Williams*, 2017 WL 11448094 (D. Conn. June 26, 2017)) (quoting *Tnaib v. Document Techs., LLC*, 450 F. Supp. 2d 87, 89 n.3 (D.D.C. 2006)).

## III.   Discussion

Plaintiffs claim that Defendants' reply brief to their motion to compel raises new arguments, incorporates new evidence, and requests new relief.  Plaintiffs' Motion for Relief, ECF No. 124-1.  The court agrees.  The motion to compel seeks only a court order compelling production.  Defendants did not raise their request for an in-camera review until their reply brief.  *Compare* MTC 1, ECF No. 94, *with* MTC Reply 5, ECF No. 121.  Defendants' reply brief also raised the issue of whether they may overcome any

applicable work product protection by a showing of substantial need for the requested material.  The original work product argument in the motion to compel was limited to whether the NBB emails were protected under the work product doctrine – not whether any exceptions applied.  *Compare* MTC 15–16, ECF No. 94, *with* MTC Reply 5–7, ECF No. 121.  Raising these issues for the first time on reply denied Plaintiffs their opportunity for a response.  Without such an opportunity, Defendants would have an unfair advantage in being the only parties to have briefed the issues of an in-camera review, and the applicability of any exception to the work product doctrine.  *See Guadagni v. N.Y. City Transit Auth.*, 387 F. App'x 124, 125–26 (2d Cir.  2010) (noting that reply papers should be allowed prevent an "unfair advantage" between the parties).

Defendants also used their reply brief to raise the issue of whether Plaintiffs have "control" of NBB's documents under Rule 34(a).  *See* MTC Reply 8, ECF No. 121.  This argument was not presented in Defendants' initial brief on the motion to compel.  MTC, ECF No. 94.  Instead, Defendants argued that it would be incompatible to accept the position that Plaintiffs have no control over NBB's documents, while also accepting the position that Plaintiffs share a common-interest privilege with NBB.  *Id.* at 14 n. 8.  Identifying potentially incompatible arguments is substantially different from addressing the merits of each argument.   Indeed, Plaintiffs had no notice that Defendants were actually challenging their position as to whether they have control over NBB documents.  Instead, Plaintiffs' opposition addressed only the accusation that they have taken incompatible positions during the discovery process.  *See* Pl.'s Opp. 22, ECF No. 107.  The court, however, finds it unnecessary to address the issue of whether Plaintiff have "possession, custody, and control" of NBB documents, because Defendants have

represented that they are not currently seeking production of any NBB documents.   MTC Reply 8 n.2, ECF No. 121.  Defendants raised the argument because they "are hopeful that once this threshold issue is resolved, the parties will be able to agree on what needs to be produced."  *Id.*   The court will not preemptively adjudicate discovery issues. Defendants may renew their argument under Rule 34 if they seek production of NBB documents.   Plaintiffs will be given an opportunity to respond to the arguments at that time.

The plaintiffs shall file a sur-reply responding to only the newly-raised issues of an in camera review and the substantial hardship argument, as identified in this ruling. Plaintiff's sur-reply shall be limited to ten pages and shall be filed within fourteen days of this order.

**IT IS SO ORDERED.**


*/s/ Omar A. Williams*
Omar A. Williams
United States District Judge