UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BBAM Aircraft Management LP and BBAM US LP,<br>    *Plaintiffs and Counterclaim Defendants,*<br><br>v.<br><br>Babcock & Brown LLC, Burnham Sterling & Company LLC, Babcock & Brown Securities, LLC, Babcock & Brown Investment Management LLC,<br>    *Defendants and Counterclaim Plaintiffs* | Case No. 3:20-cv-1056 (OAW) |

## RULING ON PLAINTIFFS' MOTION FOR RULE 37(b) SANCTIONS

**THIS ACTION** is before the court upon Plaintiffs' motion for sanctions pursuant to Federal Rule 37 of Civil Procedure. ECF No. 206. The court has reviewed the motion, Defendants' response, ECF No. 217, Plaintiffs' reply in support of the motion, ECF No. 218, and the record in this case. For the reasons discussed herein, the motion is **DENIED**.

### I.   BACKGROUND

The court focuses this section solely on the factual background necessary to address the instant motion.

On February 3, 2021, BBAM Aircraft Management LP and BBAM US LP ("BBAM" or "Plaintiffs") filed a motion to compel against Babcock & Brown LLC, Burnham Sterling & Company LLC, Babcock & Brown Securities, LLC, Babcock & Brown Investment Management LLC ("Defendants"). *See* Mot. to Compel Resps. to Interrogs., ECF No. 45. Plaintiffs' motion argued that Defendants' responses to interrogatories 5 and 6 were

1

insufficient.  *See* Pls.' Mem. of Law in Supp. of Mot. to Compel Resps. To Interrogs. 2–5, ECF No. 45-1.  The response to number 6 is the focus of the instant motion for sanctions.

Interrogatory 6 was directed at all Defendants and stated: "Identify each person that you have marketed or intended to market a good or service to in connection with one or more of the Babcock & Brown marks, including what good or service was marketed, when, and which mark(s) were implicated."  *Id.* at 4.  Defendants objected thereto, claiming that it was "vague, ambiguous, and overbroad, and unduly burdensome," and that it "seeks discovery of trade secrets."  *Id.*  However, after a telephone conference, Defendants agreed to supplement their response to interrogatory 6, and the supplemental response was served on December 16, 2020.[1]  *Id.*

Plaintiffs still found the response insufficient in that it did not address which marks were implicated, nor which goods were being marketed by which entity (at what time).  *See id.*  Defendants also conceded that the response was incomplete, as they were still "searching their records," to determine whether further information existed.  *Id.*

On December 17, 2020, and January 19, 2021, Plaintiffs notified Defendants of the incompleteness of these responses.  *See id.* at 6.  Defendants first responded on

---

[1] Defendants' supplemental response stated:

> Defendants Babcock & Brown LLC, Babcock & Brown Securities LLC, and Babcock & Brown Investment Management have marketed or intend to market their services to aerospace, rail, logistics, automotive, energy, utility, retail, airline, waste management, telecom, mining, pipeline, luxury goods, technology, steel/metals, food and agriculture, beverage, broadcasting/cable, chemical, and financial services industries. Marketing materials have been made available on http://www.babcockandbrown.com. Defendants have marketed directly to the following entities: Enterprise Products, Ford Motor Company, General Dynamics, HP, Lockheed Martin, Premier Inc., Regency Energy Partners, Stryker Corporation, The Williams Company, UPS, and Waste Management. Defendants are searching their records to determine such further information about particular marketing activities as is reasonably available to them.

Pls.' Mem. of Law in Supp. of Mot. to Compel Resps. to Interrogs. 5, ECF No. 45-1.

January 22, 2021, stating that they were unable to provide responses by the requested deadline, without providing a definitive timeline by which they would be able to respond. *See id.* at 6–7.  Then on January 29, 2021, Defendants produced a batch of documents responding to the original interrogatory.  *See id.* at 7.  These Newly produced documents affirmed that Defendants' previous response to the interrogatory was incomplete because the documents included information responsive to the initial interrogatory which had not been included in Defendants' responses thus far.  *See id.*

What followed was the aforementioned motion to compel on February 3, 2021.  In their response to the motion to compel, Defendants filed a second supplemental response to interrogatory 6.[2]  *See* Defs.' Mem. in Opp'n to Mot. to Compel 6, ECF No. 48.

On April 13, 2021, the court (Hon. Vanessa L. Bryant, J.) granted Plaintiffs' motion to compel.  *See* Order, ECF No 52.  In granting Plaintiffs' motion, the court ruled that Defendants must respond to interrogatories 5 and 6 "in a manner that complies with [Federal Rule of Civil Procedure 33]."  *Id.*

On May 13, 2021, Defendants responded to the court order by serving Plaintiffs a third supplemental response to interrogatory 6.  Pls.' Mem. of Law in Supp. of Mot. for Rule 37(b) Sanctions 6, ECF No. 208 (noting that Defendants had retained new counsel

---

[2] Defendants' second supplemental response reads as follows:

> Defendant Babcock & Brown Investment Management LLC initially marketed all services identified in the registrations for the marks BABCOCK & BROWN and B & B on October 19, 2018 and significantly increased its marketing activities in the Fall of 2019, directing its marketing to the entities listed in Defendants' prior response to Interrogatory No. 68, as well as to Fiserv, Inc. None of Defendants has marketed services identified by the marks BABCOCK & BROWN or B & B to airlines domiciled in the United States, notwithstanding the fact that Burnham Sterling & Company LLC and Babcock & Brown Securities LLC (formerly known as Burnham Sterling Securities LLC) have long had clients in the airline industry.

Defs.' Mem. in Opp'n Mot. to Compel 8, ECF No. 48.

3

after the court's ruling and that new counsel had prepared the response to interrogatory 6). The third response had named an additional entity to which Defendants had marketed services using the name marks, along with a few attached documents. *See id.* Plaintiffs again found this response insufficient. For one, Plaintiffs recognized that the documents produced for the submission on January 29, 2021, had encompassed far more parties to whom Defendants allegedly have marketed their products. *See id.* Plaintiffs also claimed that Defendants had not listed persons receiving such marketing materials. *See id.*

On July 9, 2021, Defendants served a fourth supplemental response to interrogatory 6. *See id.* at 8. Once again, Plaintiffs found this supplemental response incomplete. Plaintiffs recognized that Defendants had refused to provide certain documents which Defendants (in that very response) themselves identified as responsive. *See id.* (highlighting All B & B – Burnham Defs_0000549-90, 0008606-72, and 0009404-96 documents in particular). Plaintiffs notified Defendants of this shortcoming.

On July 23, 2021, Defendants served an amended iteration of their fourth supplemental—and fifth overall—response to interrogatory 6. *See id.* at 9. The response stated as follows:

> Defendants supplement their answer as follows.
>
> Defendants refer to their business records that have been produced as containing information responsive to this interrogatory pursuant to Federal Rule of Civil Procedure 33(d), including the documents labeled All B & B – Burnham Defs_0000549-90, 0008606-72, and 0009404-96. By email on or about June 28, 2021, BBAM demanded that Defendants further supplement their answer to Interrogatory No. 6 and argued that the scope of the Request encompasses virtually every use of the phrases "Babcock & Brown" and/or "B&B" made by Defendants when promoting or selling products or services. BBAM's email, the contents of which are incorporated herein by reference, cited several examples of documents asserted to be responsive to Interrogatory No. 6, such as documents showing instances in which Burnham Sterling & Company LLC notes that it provides the same aircraft

> advisory services formerly provided by Babcock & Brown LP when marketing services under the BURNHAM STERLING mark, and draft agreements and term sheets with boilerplate references to Burnham Sterling & Company LLC's broker-dealer affiliate, Babcock & Brown Securities, LLC. Defendants disagree that the scope of Interrogatory No. 6 extends beyond the information provided in the previous paragraph, or that it encompasses the examples cited by BBAM. In the interests of avoiding unnecessary motion practice, however, Defendants further identify (pursuant to Rule 33(d)) the produced business records listed on the attached Exhibit A in response to BBAM's demand for a full list of the cited examples and related documents.

Pls.' Mem. of Law in Supp. of Mot. for Rule 37(b) Sanctions 9, ECF No. 208.

Plaintiffs found at least four issues with this response. First, that Defendants' reference to the entire set of business records produced to date was too general, and that review of all these documents would prove "extremely burdensome." *Id.* at 10. Second, that newly produced documents had not included marketing by Burnham Sterling, or by other corporate entities which did not include "Babcock and Brown" in their name. *See id.* Third, that Defendants continued to maintain that the scope of discovery under Rule 33(d) did not extend beyond what was previously identified. *See id.* And finally, that review of Exhibit A would be too burdensome to complete. *See id.*

Plaintiffs notified Defendants that even the fifth response was insufficient, particularly in light of the allegations raised in Defendants' First Amended Answer and Counterclaims ("FAAC"). *See id.* at 11–12 (alleging that Defendants had not produced documents related to an alleged business partnership with Softbank). Although Defendants again supplemented their response on February 25, 2022, Plaintiffs found this deficient, as well. *See id.* at 12.

Ultimately, Plaintiffs claim two issues remain regarding Defendants' response to interrogatory 6: 1) Defendants have failed to explicitly state that Exhibit A contained

5

information responsive to interrogatory 6; and 2) they have provided a "massive list" of documents without specifying which may be responsive to the interrogatory.  *See id.*

## II.   LEGAL STANDARD

Federal Rule 37(b) of Civil Procedure provides that if a party fails to obey an order to provide or to permit discovery, the court may issue further just orders.  *See Park v. Kim*, 91 F.4th 610, 610 (2d Cir. 2024) (citing to Fed. R. Civ. P. 37(b)(2)).  It may "direct[] that matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims."  Fed. R. Civ. P. 37(b)(2)(A)(i).

District courts possess "wide discretion" in imposing sanctions under Rule 37, Shcherbakovskiy *v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007), and whether or in what manner to impose them is reviewed for abuse of discretion.  *See Chevron Corp. v. Donziger*, 833 F.3d 74, 147 (2d Cir. 2016) (citing *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 147 (2d Cir. 2010)).

"Although the decision to impose sanctions . . . is uniquely within the province of a district court, [district courts] nevertheless need to ensure that any such decision is made with restraint and discretion."  *Salovaara v. Eckert*, 222 F.3d 19, 27 (2d Cir. 2000).  To that end, courts are guided to consider: "1) the willfulness of the non-compliant party or the reason for noncompliance; 2) the efficacy of lesser sanctions; 3) the duration of the period of noncompliance; and 4) whether the non-compliant party had been warned of the consequences of noncompliance."  *S. New England Tel. Co.*, 624 F.3d at 144 (citing *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)).

### III. DISCUSSION

"The predicate for imposition of sanctions pursuant to Rule 37(b) is failure to obey a lawful order from this court." *Tucker v. Am. Intern. Grp., Inc.*, 936 F. Supp. 2d 1, 26 (D. Conn. 2013) (citation omitted). The order at issue is this court's order granting Plaintiffs' motion to compel. *See* Order, ECF No. 52. The court must first determine the scope of the order, and then whether Defendants have failed to comply with it.

#### A. Scope of the Court's Previous Order

The order noted that Defendants had not objected to the information sought by Plaintiffs in the six months since the deadline to object had passed. *See* Order, ECF No. 52. It granted Plaintiffs' motion entirely (without qualification) and required Defendants to respond to interrogatories 5 and 6 "in a manner that complies with Rule 33." *Id.*

Plaintiffs' motion clarified that interrogatory 6 sought to know "the manner in which the marks were used" by Defendants, including "what services were marketed in connection with the markets and to whom the services were marketed." Pls.' Mot. to Compel Resps. to Interrogs. 13, ECF No. 45-1. Plaintiffs found this relevant to determine the merits of the "likelihood of confusion" element of trademark infringement, *id.*, specifically, as to "proximity," *see id.* (citing *Alzheimer's Found. Of Am., Inc. v. Alzheimer's Disease & Related Disorders Ass'n, Inc.*, No. 10 CIV. 3314(RWS), 2015 WL 4033019, at *7 (S.D.N.Y. June 29, 2015)). The court agreed. *See* Order, ECF No. 52 (ruling that "Plaintiffs have sufficiently established that the information sought is relevant").

Defendants' response included eleven company names and general references to industries, and was insufficient, *see* Defs.' Mem. in Opp'n Mot. to Compel 7, ECF No. 48 (affirming that Defendants responded before finishing their records search), particularly

7

because they did not note the industries to which they intended to market.  *See* Pls.' Mot. to Compel Resps. to Interrogs. 14–15, ECF No. 45-1; *see also* Order, ECF No. 52 (holding that Defendants had "withheld[]" relevant information).

## B. Subsequent Discovery Within Context of Rule 33

Plaintiffs argue that Defendants failed to comply with the court's order because their responses (or, in some situations, their lack thereof) violated Rule 33(d).

### 1. *Qualifying Language*

Plaintiffs cite to Defendants' qualifying language within their first amended fourth supplemental response, which was accompanied by a list of documents at Exhibit A.  *See generally* Ex. 6, ECF No. 206.  It states that "Defendants disagree that the scope of Interrogatory No. 6 extends beyond the information provided in the previous paragraph, or that it encompasses examples cited by BBAM."  *Id.* at 5.  The preceding paragraph stated, "Defendants refer to their business records that have been produced as containing information responsive to this interrogatory pursuant to Federal Rule of Civil Procedure 33(d), including the documents labeled All B & B – Burnham Defs_0000549-90, 0008606-72, and 0009404-96."  *Id.*  Taken together, Plaintiffs believe Defendants assert only these three documents, identified by Bates numbers, are responsive to interrogatory 6, and, consequently, that none of the other documents identified in Exhibit A are responsive.

Plaintiffs argue the qualifying language "renders the response unusable at trial," Pls.' Mem. of Law in Supp. of Mot. for Rule 37(b) Sanctions 15, ECF No. 208, and that the characterization of Exhibit A (and narrow definition of "marketing") violates the order.  *See id.* at 16.  They note that the three documents in question are in Exhibit A, contradicting the claim that Exhibit A is not responsive to interrogatory 6.  *See id.* at 15.

Plaintiffs' arguments are baseless and meritless. On one hand, they claim that Defendants' most recent response to interrogatory 6 is "unusable," and, on the other, that it is "essentially worthless." Pls.' Mem. of Law in Supp. of Mot. for Rule 37(b) Sanctions 17, ECF No. 208. These are two different arguments.

To the extent that Plaintiffs claim that these responses are unusable, the admissibility of answers to interrogatories are determined by the Federal Rules of Evidence. *See* Fed. R. Civ. P. 33(c). Plaintiffs have not identified the relevant Federal Rule of Evidence which would prohibit the admission of this evidence. Plaintiffs cite to *Tracy v. Freshwater* as if Defendants' most recent response is their only response. *See* No. 5:01-cv-0500(HGM/GHL), 2006 WL 8453254, at *5 (N.D.N.Y. Feb. 14, 2006). Unlike the defendants in *Tracy*, Defendants here have responded to the interrogatory with specific entities and specific services they marketed or had intended to market. *See* Defs.' Resp. to Pls.' Mot. for Rule 37(b) Sanctions 5–7, 9, ECF No. 217 (outlining the original response and subsequent responses which have supplemented the original response). Defendants' responses are not limited to references to other documents and Plaintiffs have not challenged the admissibility of these responses.

To the extent that Plaintiffs claim that these responses are "essentially worthless," Plaintiffs must have misunderstood the purpose of interrogatories. "[T]he function of interrogatories is to avoid unnecessary depositions, to minimize delay, and *to narrow the issues at trial* in an inexpensive fashion." 7 Moore's Federal Practice - Civil § 33.03 (2023) (emphasis added). Answers to interrogatories may not resolve the case outright nor be presented in the exact verbiage sought out by a party. Of course, Defendants may "readily argue that the documents do not exemplify instances where Defendants have

9

marketed to or intended to market," Pls.' Mem. of Law in Supp. of Mot. for Rule 37(b) Sanctions 17, ECF No. 208, but Plaintiffs will have the opportunity to rebut such arguments and establish the relevance of evidence upon admission.  If it becomes an issue at trial, the parties will be allowed to argue whether the produced documents exemplify instances of marketing with the trademarks.

Relatedly, Plaintiffs contend the disagreement over the scope of the term "market" somehow renders Defendants' responses improper.  However, Defendants have provided a list of documents which they believe may be responsive to Plaintiffs' request, and it is entirely unclear on what grounds Plaintiffs take issue with Defendants' response. Parties frequently add qualifying language to limit their admissions.  *See, e.g.*, *Riley v. United Airlines, Inc.*, 32 F.R.D. 230, 234 (S.D.N.Y. 1962); *Hudgins v. Ga. S. & F. Ry. Co.*, 16 F.R.D. 243, 244–45 (M.D. Ga. 1954) (ruling that corporations may qualify their answers to "avoid admission of something which it does not admit"); *Hornung v. E. Auto. Forwarding Co.*, 11 F.R.D. 300, 301 (N.D. Ohio) (same); *cf. McFadden v. Ballard, Spahr, Andrews & Ingersoll, LLP*, 243 F.R.D. 1, 7 (D.D.C. 2007) (ruling that parties my provide "some qualified admission" when served with Rule 36 requests for admission).  Even in the instant motion for sanctions, the parties delve into legal arguments regarding what constitutes "marketing" in trademark law.  *See* Pls.' Mem. of Law in Supp. of Mot. for Rule 37(b) Sanctions 15–17, ECF No. 208; Defs.' Resp. to Pls.' Mot. for Rule 37(b) Sanctions 13, ECF No. 217.  Interrogatories are not the procedural junction at which the court should intervene, particularly since Defendants seemingly have provided what Plaintiffs seek. *See* Fed. R. Civ. P. 33(b) advisory committee's note to 1970 amendment ("Since interrogatories involving mixed questions of law and fact may create disputes between

the parties which are best resolved after much or all of the other discovery has been completed, the court is expressly authorized to defer an answer. Likewise, the court may delay determination until pretrial conference, if it believes that the dispute is best resolved in the presence of the judge."); *see also United Oil Co., Inc. v. Parts Associates, Inc.*, 227 F.R.D. 404, 419 (D. Md 2005) (finding that "Rule 33 is well-suited to reply to inquiries of intensely objective nature"). Plaintiffs have the responsive documents requested. The "marketing" disagreement does not nullify Defendants' response.

Plaintiffs also take issue with three documents labeled "All B & B – Burnham Defs_0000549-90, 0008606-72, and 0009404-96." Defendants' response states that "Defendants disagree that the scope of Interrogatory No. 6 extends beyond the information provided in the previous paragraph, or that it encompasses the examples cited by BBAM." Defs.' Resp. to Pls.' Mot. for Rule 37(b) Sanctions 9, ECF No. 217. Thus, they agree that the three documents are within the scope of Plaintiffs' interrogatory. This position is not somehow negated by the inclusion of these documents in Exhibit A, which Defendants have provided "in response to BBAM's demand for a full list of cited examples and related documents." *Id.* at 10. Defendants have not affirmatively stated that any document included in Exhibit A is not responsive to the interrogatory. In this sense, Defendants' qualifying language does not detract from their response.

### 2. Requirements of Rule 33(d)

Plaintiffs also claim Defendants violated Rule 33(d) by providing their response in a format that would be overly burdensome to review. *See* Pls.' Mem. of L. in Supp., of Mot. for Rule 37(b) Sanctions 17–18, ECF No. 208.

Governing instances where an answer to an interrogatory may be found within a party's business records, Rule 33(d) provides that if the burden of providing an answer would be "substantially the same for either party," the answering party may answer either by 1) "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify [the responsive records]"; or 2) "giving the interrogating party a reasonable opportunity to examine and audit the records."  Fed. R. Civ. P. 33(d)(1)–(2).  The purpose of this option is to "place the burden of research on the party seeking information, instead of requiring the responding party to conduct a burdensome or expensive search of its own records."  7 Moore's Federal Practice - Civil § 33.105 (2024) (citing to cases).

In producing a Rule 33(d) answer, the responding party may create an unequal burden for the receiving party when, despite having the answer in a form of a compilation, it responds in a form which requires the receiving party to compile the record and to seek out the answers themselves.  See Sadofsky v. Fiesta Prods., LLC, 252 F.R.D. 143, 148 (E.D.N.Y. 2008) (citation omitted).  The party invoking Rule 33(d) must establish that the burden is substantially the same.  See United States ex rel. Martino-Fleming v. S. Bay Mental Health Ctr., 332 F.R.D. 1, 6 (D. Mass. 2019) (citing Licensed 2 Thrill, L.L.C. v. Rakuten, Inc., No. 13-cv11257-DJC, 2015 WL 13376540, at *3 (D. Mass. Oct. 13, 2015)).

Here, the court finds that it was appropriate for Defendants to invoke Rule 33(d) and that they have satisfied the requirements of the same.

Interrogatory 6 asked Defendants to identify "*each* Person" to whom Defendants have marketed or intended to market a good or service, as to the name marks in question.  Pls.' Mem. of L. in Supp., of Mot. for Rule 37(b) Sanctions 3, ECF No. 208 (emphasis

added).  Since the question asks for all such persons, and Michael Dickey Morgan had formed Burnham Sterling Group in 2010, *see* Defs.' Resp. to Pls.' Mot. for Rule 37(b) Sanctions 2, ECF No. 217, this question sought a compilation of information.  *See Martino-Fleming*, 332 F.R.D. at 9–10 (noting that Rule 33(d) responses are "best suited to interrogatories of an objective nature that require compilation of information").  Defendants state the magnitude of Plaintiffs' request implicates "literally thousands of documents" and imposes "an impossible burden."  Defs.' Resp. to Pls.' Mot. for Rule 37(b) Sanctions 8, ECF No. 217.

Moreover, Defendants have demonstrated that the burden of producing a response to interrogatory 6 was substantially the same for each party.  *See S.E.C. v. Elfindepan*, 206 F.R.D. 574, 575 (M.D.N.C. 2002) (holding that the producing party must justify the use of Rule 33(d) upon a court's finding that Rule 33(d) is the appropriate form of answering discovery).

Plaintiffs do not contest the volume of documents sought through the interrogatory.  Instead, they claim that Defendants have a database called Blackland in which they allegedly "track all of [Defendants'] interactions with actual and prospective customers."  Pls.' Mem. of Law in Supp. of Mot. for Rule 37(b) Sanctions 6, ECF No. 208.  Plaintiffs assert that Defendants would be substantially less burdened in producing a responsive answer to interrogatory 6, because they may query Blackland for relevant information.  *See id.*  Defendants respond by noting the limitations of Blackland.  Although Defendants may run queries on the Blackland database, the resulting export from the database is "merely copies of the underlying emails and notes" which is no different from the initial notes that Defendants produced.  Defs.' Resp. to Pls.' Mot. for Rule 37(b) Sanctions 16,

13

ECF No. 217.  Plaintiffs do not have a response against the purported limitations of Blackland.  *See* Pls.' Reply in Supp. for Mot. for Rule 37(b) Sanctions 9, ECF No. 218.

While Defendants may be more familiar with these documents, such familiarity does not "create a disparity in the ease of discovery."  *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 44 (S.D.N.Y. 1984) (analyzing Federal Rule 33(c), which later would be amended into Rule 33(d)).  Even with Blackland, Defendants would have to individually review copies of emails and notes to determine which are responsive.  *See* Defs.' Resp. to Pls.' Mot. for Rule 37(b) Sanctions 8, ECF No. 217.  Plaintiffs have not alleged that only Defendants would be able to decipher these documents; in fact, their motion suggests that they conducted a cursory review of the response to determine that some of the documents may not be responsive.  *See* Pls.' Mem. of Law in Supp. of Mot. for Rule 37(b) Sanctions 11, ECF No. 208; *see also* Defs.' Resp. to Pls.' Mot. for Rule 37(b) Sanctions 14 n.2, ECF No. 217 (agreeing with Plaintiffs' assessment that some documents are not responsive).

Plaintiffs' argument that it would be "extremely burdensome" to review Defendants' response is particularly unavailing because Plaintiffs zealously have litigated the scope of interrogatory 6.  *See generally* Mot. to Compel, ECF No. 48; Mot. for Sanctions, ECF No. 206; *see also* Ex. 7, Mot. for Sanctions, ECF No. 48-1 (reflecting email conversations regarding the scope of this interrogatory).  They demand Defendants to produce information that is several years old.  Therefore, it should be "no surprise" that responsive information is "located within a trove of documents."  *Ice Cube Bldg., LLC v. Scottsdale Ins. Co.*, No. 3:17-cv-973(KAD), 2019 WL 4643609, at *2 (D. Conn. Apr. 8, 2019).  Not only have Defendants expended resources to review their records, and utilized Blackland,

14

but also, they have "identified with specificity the range of documents at issue by Bates number." *Id.* "This is sufficient." *Id.* (citing to *Phoenix Four, Inc. v. Strategic Res. Corp.*, No. 05 Civ 4837, 2006 WL 1517583, at *3 (S.D.N.Y. June 2, 2006)). Plaintiffs cannot "have their cake and eat it too," (as they claim Defendants attempt to do, *see* Pls.' Mem. of Law in Supp. of Mot. for Rule 37(b) Sanctions 22, ECF No. 208) by demanding more than a decade's worth of documents, erroneously raising allegations about Blackland, and expecting Defendants to comb through the responsive documents.

## IV.  CONCLUSION

Accordingly, it is thereupon **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Rule 37(b) Sanctions is DENIED. To the extent that they have incorrectly included unresponsive documents in Exhibit A, Defendants shall provide an amended response on or before April 25, 2024, or two weeks from the date of this order.

**IT IS SO ORDERED** in Hartford, Connecticut, this 25th day of March, 2024.

_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE