UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BBAM Aircraft management LP and BBAM US LP,<br>    *Plaintiffs and Counterclaim Defendants*,<br><br>v.<br><br>Babcock & Brown LLC, Burnham Sterling & Company LLC, Babcock & Brown Securities, LLC, Babcock & Brown Investment Management LLC,<br>    *Defendants and Counterclaim Plaintiffs* | Case No. 3:20-cv-1056 (OAW) |

**RULING ON PLAINTIFFS' MOTION FOR RULE 11 SANCTIONS**

**THIS ACTION** is before the court upon Plaintiffs' motion for sanctions pursuant to Federal Rule 11 of Civil Procedure. ECF No. 181. The court has reviewed the motion, Defendants' opposition thereto, ECF No. 194, Plaintiffs' reply in support thereof, ECF No. 196, and the record in this case. For the reasons discussed herein, the motion is **DENIED**.

**I.     BACKGROUND**

The court solely highlights the factual background necessary to address this instant motion.

Plaintiffs filed their first amended complaint ("FAC") on September 25, 2020, ECF No. 32, and Defendants moved to dismiss on October 16, 2020, ECF No. 39. Then, on August 16, 2021 (while the motion was pending), Plaintiffs served an interrogatory requesting Defendants to identify any counterclaims that would be filed (along with the factual and legal bases for the same). *See* Mem. in Supp. of Pls.' Mot. for Rule 11

1

Sanctions 4, ECF No. 181 ("Mot. for Sanctions").  Defendants claimed that they were still reviewing the possibility of filing counterclaims.  *See id.*

On September 29, 2021, the court (Hon. Vanessa L. Bryant, J.) denied the motion to dismiss, ECF No. 89, and on October 13, 2021, exactly 14 days later, Defendants filed affirmative defenses and five counterclaims.  ECF No. 95.  Plaintiffs the filed a motion to dismiss the counterclaims, ECF No. 110, and while that motion was pending, Defendants filed their first amended answer and counterclaim ("FAAC"), including a sixth counterclaim under California's Unfair Competition Law ("UCL").  ECF No. 118.

The FAAC was filed on November 11, 2021, which was past the discovery deadline of October 15, 2021.  *See* Third Scheduling Order, ECF No. 80.  Consequently, Plaintiffs allege that, by the time that the FAAC was filed, the parties had "virtually completed both fact and expert discovery."  Mot. for Sanctions 12.  On October 27, 2021, the court suspended the scheduling order as it then existed.  Order, ECF No. 105.  Defendants moved to lift the case suspension, so as to conduct discovery related to the newly-raised UCL counterclaim.  *See* Defs.' Mot. for Leave from Case Suspension, ECF No. 130.

## II.   LEGAL STANDARD

"Sanctions may be—but need not be—imposed when court filings are used for an 'improper purpose,' or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous."  *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) (citing to Fed. R. Civ. P. 11).  "Further, even when a district court finds a violation of Rule 11, 'the decision whether to impose a sanction for a Rule

11(b) violation is . . . committed to the district court's discretion." *Id.* (quoting *Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004)).

Rule 11(b) adopts an "objective standard" meant to cull out "patently frivolous arguments." *Margo v. Weiss*, 213 F.3d 55, 64 (2d Cir. 2000). In other words, "objective unreasonableness" triggers an award of sanctions under Rule 11. *Storey v. Cello Holdings*, L.L.C., 347 F.3d 370, 387 (2d Cir. 2003) (citing Margo, 213 F.3d at 65).

Under such a standard, the court reviews whether either party has violated the "affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed." *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998). Parties that "harass, cause unnecessary delay, or needlessly increase the cost of litigation" may be sanctioned. *Walker v. Accenture PLC*, 511 F. Supp. 3d 169, 202 (D. Conn. 2020) (citing to Fed. R. Civ. P. 11). Sanctions also may be imposed against attorneys making arguments that no competent attorney reasonably would believe were valid. *See In re Narumanchi*, 471 B.R. 35, 42 (D. Conn. 2012) (citing *Oliveri v. Thompson*, 803 F.2d 1265, 1274 (2d Cir. 1986)). However, Rule 11 does not seek to "chill[] creative advocacy." *Soto v. Bushmaster Firearms Int'l, LLC.*, 139 F. Supp. 3d 560, 563 (D. Conn. 2015). "Thus, the Rule provides that arguments for extensions, modifications, or reversals of existing law or for creation of new law are not sanctionable, provided they are not frivolous." *Id.* (citing to Fed. R. Civ. P. 11).

Generally speaking, courts are discouraged from issuing sanctions. *See Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 141–42 (2d Cir. 2002) (citing *Hadges v. Yonkers Racing Corp.*, 48 F. 3d 1320, 1327 (2d Cir. 1995)).

### III. DISCUSSION

Plaintiffs offer several arguments supporting their motion for Rule 11 sanctions, such as that: 1) Defendants raised their UCL counterclaim after completion of discovery; 2) the UCL counterclaim is frivolous and relies on factual contentions which lack evidentiary support. The court addresses them in turn.

#### A. Timeliness

First, the court recognizes that woven into Plaintiffs' motion—and each argument in support thereof—are challenges to the merits of the underlying claim. This has prompted Defendants to respond to each of Plaintiff's merit-based arguments.

Plaintiffs' arguments appeal to the "improper purpose" prong of Federal Rule 11, prohibiting pleadings which "harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1).

As to timing, Plaintiffs claim that Defendants must have been aware, at the latest by August 2021, that BBAM was not a licensed broker-dealer in certain jurisdictions in which it operated. Mot. for Sanctions 18–19. Plaintiffs continue: "Defendants concealed the UCL Claim until November 11, 2021, nearly a month after the court-ordered discovery period expired on October 15, 2021, and months after BBAM's 30(b)(6) deposition." *Id.* at 19. This, Plaintiffs argue, "deprive[d] BBAM of the fulsome discovery it could have obtained had Defendants sought to add the claim earlier." *Id.* at 20. In addition, Plaintiffs suggest that Defendants have kept hidden their UCL counterclaim in bad faith by refusing to answer interrogatories. *See id.* at 19.

Defendants respond that the counterclaims were timely filed under Rules 12 and 15, only after sufficient investigation of the merits of the UCL claim, *see* Defs.' Resp. in

Opp'n to Pls.' Mot. for Rule 11 Sanctions 28, ECF No. 194 ("Defs.' Opp'n"), and that they had not anticipated Plaintiffs' instant motion for Rule 11 Sanctions. *See id.* at 14.

However, Defendants' timeliness arguments are more persuasive. For the reasons stated in the ruling granting Plaintiffs' motion to dismiss Defendants' counterclaims, the court finds that the FAAC was filed as of right under Federal Rule 15(a)(1). As such, the court finds that it was not meant to cause unnecessary delay or to needlessly increase the cost of litigation. Assuming arguendo that the timing of the UCL claim was "suspect," the court "must resolve any and all doubts in favor of the signing party." *Kovaco v. Rockbestos-Surprenant Cable Corp.*, No. 3:11-cv-377 (WWE), 2014 WL 1572751, at *2–3 (D. Conn. Apr. 17, 2014) (citing Stone v. BBS Auto. Grp., Inc., No. 304cv985HBF, 2006 WL 141631, at *2 (D. Conn. Jan. 18, 2006)). Defendants raise reasonable arguments regarding the timing of the filing, explaining that Plaintiffs' lack of a broker-dealer license was but one part of the overall inquiry and that additional facts which would comprise the UCL counterclaim were discovered "between August and mid-October 2021."[1] Defs.' Opp'n 21–22. They also argue that the timing of their filing of the motion for leave, ECF No. 130, reflects the party's intent to minimize a delay to the overall resolution of the case.

As such, the timing of the filing of the UCL counterclaim cannot be weighed against Defendants in this motion for sanctions.

---

[1] Indeed, whether a securities broker requires a license under California state law does not seem to be a one-dimensional question. *See Culbertson v. Schuchert*, 110 F.3d 67, 67 (9th Cir. 1997) (ruling that whether the broker-dealer participated in any negotiations would be a pivotal question).

5

**B.     Frivolity & Evidentiary Support**

Plaintiffs argue at great lengths that Defendants' UCL counterclaim is frivolous. The court disagrees. Defendants' counterclaim is complex, not only because the UCL itself takes from other law as its basis, see *Aleksick v. 7-Eleven, Inc.*, 205 Cal App. 4th 1176, 1185 (2012), but also because the injury in question is derivative of the underlying securities transactions. See Defs.' Answer & Countercl. to Pls.' Second Am. and First Suppl. Compl. 33, ECF No. 231 [hereinafter "Sealed Defs.' Countercl."] (alleging that the injury is Defendants' inability to break into the Japanese lease market). In labeling Defendants' counterclaim frivolous, Plaintiffs rely on the arguments raised in their motion to dismiss Defendants' FAAC. Without relitigating the merits of each argument, the court instead (as the standard requires) reviews whether the claim is objectively unreasonable or patently frivolous. See *Storey*, 347 F.3d at 387.

Even at first glance, the UCL claim does not appear to violate Federal Rule 11(b). BBAM asserts that Defendants' standing argument is "meritless" and "deeply hypocritical" because, among other reasons, Defendants do not compete with Plaintiffs, and discovery allegedly is inconsistent with their factual allegations. See Mot. for Sanctions 22–23. However, these assertions fall well short of establishing that the counterclaim is patently frivolous or objectively unreasonable. For starters, the motion for sanctions itself illustrates the complexity of the question posited by Defendants' UCL counterclaim. See Mot. for Sanctions 6 (stating that the UCL Claim "attempts to weave together a complicated set of facts involving BBAM's 30-year business relationship"). As such, inconsistences in the record compiled from extensive discovery would seem natural. To the extent that Plaintiffs have pointed out such inconsistencies, the court finds that they

6

are not the kind of "[t]otally unsupported factual contentions" which may warrant sanctions. *In re Star Gas Sec. Litig.*, 745 F. Supp. 2d 26, 33 (D. Conn. 2010) (citing *Storey*, 347 F. 3d at 388). Moreover, in this section of argument, Plaintiffs cite to *Fischer v. Samuel Montagu, Inc.*, 125 F.R.D. 391 (S.D.N.Y. 1989), for the proposition that sanctions are warranted. However, as Defendants correctly point out, Rule 11 has since been amended not only to place "greater constraints on the imposition of sanctions" but also to "reduce the number of motions for sanctions presented to the court." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. The motion does not mention this amendment, nor the effect it would have in the persuasive weight of the case. The court is unpersuaded by Plaintiffs' claims.

Plaintiffs' claims as to the substantive merits of the case similarly fall short of establishing objective unreasonableness. Most evidently, Plaintiffs' cited authorities do not squarely rule out the merits of Defendants' counterclaim. The holding in *Bowen v. Ziasun Technologies* has been limited by subsequent caselaw, and it involved the purchaser and seller of securities, not alleged competitors within the industry. 116 Ca. App. 4th 777, 779 (2004). *Sullivan v. Oracle Corp.* ruled that UCL does not apply extraterritorially, *see* 51 Cal. 4th 1191, 1207, but Defendants' factual allegations suggest some level of involvement by Plaintiffs' California-based employees. Even in *Siegal v. Gamble*, the Northern District of California ruled that whether a broker-dealer would require a license "depends on whether the broker-dealer is *dealing* in California" not whether the transaction occurred in California. No. 13-cv-3570-RS, 2016 WL 3648503, at *6 (N.D. Cal July 7, 2016) (emphasis added); *see Hutner v. Greene*, 734 F.2d 896 (2d Cir. 1984) (further suggesting that the California licensing requirement may apply to

broker-dealers who operate in California, not necessarily for transactions which occur in California). Defendants' claim seems at least novel, if not outright persuasive. *See Soto*, 139 F. Supp. 3d at 563 (ruling that Rule 11 should be judged on objective unreasonableness to prevent chilling effects on creative advocacy).

In all, the court finds that the UCL counterclaim raises a question of law which is far from one which is "clear existing precedent that there is no chance of success." *Mareno v. Rowe*, 910 F.2d 1043, 1047 (2d Cir. 1990).

### IV.   **CONCLUSION**

Accordingly, it is thereupon **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Rule 11 Sanctions hereby is **DENIED**.

**IT IS SO ORDERED** in Hartford, Connecticut, this 25th day of March, 2024.

_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE
